**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FINFROCK, | ) | |
| MAURICIO GAMEZ, | ) | |
| RONDA HARLAN, | ) | |
| ALI SALEH, | ) | Civil Action No. _____ |
| KIMBERLY SLY, and | ) | |
| HELEN VACCHIO, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## PETITION TO VACATE PARTIAL FINAL CLAUSE CONSTRUCTION AWARD

DISH Network L.L.C. ("DISH"), through undersigned counsel, petitions the Court under 9 U.S.C. § 10(a) for an order vacating the Partial Final Clause Construction Award ("Partial Award") Arbitrator Edith N. Dinneen issued in AAA CASE No. 01-16-0005-6111. The Arbitrator manifestly disregarded the law and exceeded her powers in issuing the Partial Award. As grounds for this Petition, DISH states the following:

### PARTIES

1.      DISH is a Colorado limited liability company with its principal place of business at 9601 Meridian Boulevard, Englewood, Colorado 80112.

2.      Michael Finfrock ("Finfrock") was employed by DISH as an Inside Sales Associate ("ISA") in Arizona. Upon information and belief, Finfrock is a citizen of Arizona and resides at 6715 East Northridge Street, Mesa, Arizona.

3.      Mauricio Gamez ("Gamez") was employed by DISH as an ISA in Arizona. Upon information and belief, Gamez is a citizen of Arizona and resides at 946 East Harrison Drive, Avondale, Arizona.

4.      Ali Saleh ("Saleh") was employed by DISH as an ISA in New Jersey and Arizona. Upon information and belief, Saleh is a citizen of Arizona and resides at 43941 West Wade Drive, Maricopa, Arizona.

5.      Kimberly Sly ("Sly") was employed by DISH as an ISA in Arizona. Upon information and belief, Sly is a citizen of Arizona and resides at 883 South Utilis Drive, Gilbert, Arizona.

6.      Ronda Harlan ("Harlan") was employed by DISH as an ISA in Colorado. Upon information and belief, Harlan is a citizen of Colorado and resides at 3498 E. 142nd Drive, Thornton, Colorado.

7.      Helen Vacchio ("Vacchio") was employed by DISH as ISA in Colorado. Upon information and belief, Vacchio is a citizen of Colorado and resides at 7275 S. Xenia Circle, Apartment D, Centennial, Colorado.

8.      Together, Vacchio, Harlan, Sly, Saleh, Gamez and Finfrock are referred to herein as "Respondents."

9.      Respondents separately executed identical Arbitration Agreements ("Agreements") with DISH, under which any disputes related to their employment are to be resolved through single-plaintiff arbitration.  True and correct copies of the Agreements are attached as **Exhibits A** through **F**.

## JURISDICTION AND VENUE

10.     DISH incorporates by reference Paragraphs 1 through 9 of the Petition as if set forth fully herein.

11.     The Federal Arbitration Act governs this action because the agreement giving rise to the underlying arbitration involves "commerce" pursuant to 9 U.S.C. §§ 1 and 2.

12.     The Court has subject matter jurisdiction under 28 U.S.C. §1331 because Respondents' claims in the underlying arbitration arise, in part, under federal law, to wit, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* In addition, the Court has subject matter jurisdiction because the Partial Award was rendered in manifest disregard of federal law.

13.     The Court has personal jurisdiction over Harlan and Vacchio because they are residents and citizens of Colorado. The Court has personal jurisdiction over Finfrock, Gamez, Saleh and Sly because they have consented to the Court's exercise of personal jurisdiction over them in this action.

14.     Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391.

## RELEVANT FACTS

15.     DISH incorporates by reference Paragraphs 1 through 14 of the Petition as if set forth fully herein.

### The Agreements

16.     The Agreements clearly and unmistakably evidence an intent by the parties to limit litigation between them to single-plaintiff arbitration, *i.e.*, arbitration between DISH and each Respondent in their individual, non-representative capacity.

17.     By contrast, the Agreements are silent with respect to the availability of class

and/or collective action arbitration and/or the consolidation of single-plaintiff claims.

18.     Specifically, the Agreements provide in pertinent part as follows:

[T]he **Employee and DISH** agree that any claim, controversy and/or **dispute between them**, arising out of and/or in any way related to Employee's application for employment, employment and/or termination of employment, whenever and wherever brought, shall be resolved by arbitration.

\*\*\*

The arbitration shall be governed by and construed in accordance with the substantive law of the State in which … **the Employee** last performed services for DISH.

\*\*\*

A single arbitrator engaged in the practice of law from the American Arbitration Association ("AAA") shall conduct the arbitration under the then current procedures of the AAA's National Rules for the Resolution of Employment Disputes.

\*\*\*

Regardless of what the above-mentioned Rules state, all arbitration proceedings … shall be confidential and shall be held in the city … in which **the Employee** last performed services for DISH.

\*\*\*

[T]his agreement to arbitrate all claims shall not apply to Employee claims for statutory unemployment compensation benefits, statutory worker's compensation benefits, and claims for benefits from a DISH-sponsored "employee benefit plan."

\*\*\*

Other than potential rights to a trial, a jury trial, and common law claims for punitive and/or exemplary damages, nothing in this Agreement limits any statutory remedy to which Employee may be entitled under law.  (Emphasis added.)

### The Demand for Arbitration

19.     On December 22, 2016, Finfrock, Gamez, Sly, and Vacchio, on behalf of themselves and all other similarly situated employees, filed an Individual and Class Complaint against DISH with the AAA in Arizona, alleging claims arising under the FLSA, 29 U.S.C. §201 *et seq.* and state law. A true and correct copy is attached as **Exhibit G**.

20.     On January 26, 2017, Respondents filed an Amended Individual and Class

Complaint, in which Gamez and Saleh were added as Claimants. A true and correct copy is

attached as **Exhibit H**.

21.     Respondents styled the arbitration a "class and collective" arbitration, in which

they purport to assert their own claims and the claims of a putative class of individuals defined

as:

> All current and former employees of DISH Network L.L.C. who were employed
> as Inside Sales Associates at any time between December 23, 2013 and the
> present and who were (a) subject to illegal pay deductions and/or (b) denied their
> final pay.
>
> and
>
> All current and former employees of DISH Network L.L.C. who were employed
> as Inside Sales Associates in Arizona at any time between December 23, 2013 and
> the present and who were subject to pay schemes under which DISH purported to
> pay them either (1) a weekly salary or (2) commissions based on the activations
> they obtained.

*See id.* ¶¶ 50, 51.

### The Arbitrator's Partial Award

22.     Over DISH's objections,[1] the arbitration proceeded to the "clause construction"

phase (the point of the proceedings when the Arbitrator decides whether the Agreements

authorize class-wide arbitration).

23.     On June 4, 2018, the Arbitrator issued a Partial Award addressing the clause

construction issue. A true and correct copy of the Partial Award is attached as **Exhibit I**.

24.     Purporting to analyze the Agreements "under the [Federal Arbitration Act

("FAA")] and state law principles of contract interpretation," *id.* at 7, the Arbitrator found "the

---

[1] Although not directly relevant here, DISH filed declaratory judgment actions in Arizona and
Colorado, in which DISH sought declarations that a court – not the arbitrator – must determine
whether the agreements allow for class-wide arbitration. Both courts compelled DISH to
arbitrate the clause construction issue.

Agreements' description of what must be arbitrated [to be] sufficiently broad to allow for the class claims alleged in this case[,]" *id.* at 15.

25.     Under AAA Supplementary Rule 3, the Arbitrator stayed the proceedings for 30 days to allow either party to move to confirm or vacate the Partial Award. *Id.* at 15.

## GROUNDS TO VACATE THE PARTIAL AWARD

26.     DISH incorporates by references Paragraphs 1 through 25 of the Petition as if set forth fully herein.

27.     The United States Supreme Court has held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010).

28.     The Agreements, which are silent regarding the question of class arbitration, do not provide a contractual basis for class arbitration and, instead, permit only bilateral arbitration.

29.     Nonetheless, the Arbitrator interpreted the Agreements to authorize class-wide arbitration.

30.     In doing so, the Arbitrator displayed a manifest disregard for the law governing the interpretation of arbitration agreements under the FAA.

31.     Moreover, in issuing a Partial Award that allows for class-wide arbitration despite the Agreement's silence on that issue, the Arbitrator exceeded and/or imperfectly executed her powers under the Agreements in violation of 9 U.S.C. § 10(a)(4).

32.     Because the Arbitrator strayed from the interpretation of the Agreements and manifestly disregarded federal law governing the construction of arbitration agreements that are

silent regarding the availability of class-wide arbitration, the Court must vacate the Partial Award.

## PRAYER FOR RELIEF

**WHEREFORE**, DISH respectfully requests that the Court enter an order vacating the Partial Final Clause Construction Award issued by Arbitrator Edith N. Dinneen in AAA CASE No. 01-16-0005-6111.

Dated: July 5, 2018                          Respectfully submitted,

                                             */s/ Christian Antkowiak*
                                             Christian Antkowiak (PA 202044)
                                             christian.antkowiak@bipc.com

                                             Buchanan Ingersoll & Rooney PC
                                             One Oxford Centre, 20th Floor
                                             301 Grant Street
                                             Pittsburgh, PA  15219-1410
                                             Telephone: (412) 562-3988
                                             Fax: (412) 562-1041


                                             *Attorney for DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of July, 2018, I electronically served

the foregoing document on the following:

Adam M. Harrison
The Sawaya Law Firm
1600 Ogden Street, Denver, CO 80218
AHarrison@sawayalaw.com


*/s/ Christian Antkowiak*
Christian Antkowiak